## Raffo *v.* Roberts, Auditor General, et al., Appellants.

344

Argued November 26, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*William M. Rutter,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellants.

*Robert E. Woodside, Jr.,* for appellee.

OPINION BY MR. JUSTICE STERN, January 6, 1941:

This case calls for the construction of section 222 of the Administrative Code of 1929, P. L. 177 (as amended, in respects here immaterial, by the Act of June 21, 1937, P. L. 1865). That section provides that "Each employe of an administrative department, of an independent administrative board or commission, or of a departmental administrative board or commission, if employed for continuous service, shall work during such hours as the head of the department or the board or commission shall require but not less than thirty-eight hours per week. Such employe shall be entitled, during each calendar year, to fifteen days' leave of absence, with full pay, . . . This section shall be construed to mean that the pay of such employe shall cease upon the ex-

piration of the granted leave, regardless of his or her continuation thereafter upon the rolls of the department board or commission. . . ."

Plaintiff was employed for several years in the Auditor General's department, inheritance tax division, in Philadelphia County. He was discharged on May 15, 1937. He filed a petition in the Court of Common Pleas of Dauphin County for an alternative writ of mandamus to require defendants to pay him for fifteen days' leave of absence to which he claims he was entitled for the calendar year 1937. The department, acting under a rule adopted by the Executive Board of the Commonwealth, was not willing to pay him more than on a prorated basis of one and a quarter days for each month in which he was employed during that year.

To hold that an employee in the service of the Commonwealth during but part of a year—perhaps only a day or a week—is nevertheless entitled to a full fifteen days' leave of absence with pay would be to give the statute an unreasonable effect that could not have been intended by the legislature. What was contemplated by the act was a leave of fifteen days out of a full year of service.

The court below adopted plaintiff's contention because of the provision that "This section shall be construed to mean that the pay of such employe shall cease upon the expiration of the granted leave, *regardless of his or her continuation thereafter upon the rolls of the department board or commission.*" This clause was intended to guard against excessive payments; it is not a grant but a limitation. It means that the leave with pay must cease at the expiration of the period granted even though the employee fails to return to active service and the department nevertheless continues to carry his name on the rolls. It was evidently designed to convey the same thought as that expressed in the Federal Act of March 3, 1893, c. 211, section 5, 27 Stat. 715, as amended; 5 U.S.C.A. section 30: "Nor shall

it [the section granting leaves of absence with pay] be construed to mean that so long as a clerk or employee is borne upon the rolls of the department in excess of the time herein provided for or granted that he or she shall be entitled to pay during the period of such excessive absence, but that the pay shall stop upon the expiration of the granted leave."

The order of the court below is reversed and the record is remanded with directions to quash the alternative writ.